**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| LDGP, LLC, d/b/a HARTSOUGH DERMATOLOGY, an Illinois LLC, and ALL OTHERS SIMILARLY SITUATED, ) ) ) ) | |
| Plaintiffs, ) ) ) | Case No. 3:15-cv-50148 |
| v. ) ) | |
| CYNOSURE, Inc., a Delaware Corporation, ) ) | |
| Defendant. ) | |

**JOINT PROPOSED CASE MANAGEMENT ORDER**

Pursuant to this Court's Order, dated August 15, 2016, the parties submit the following joint proposed case management order:

**I.** **Fed. R. Civ. P. 26(a)(1) Disclosures** will be exchanged by September 23, 2016. The Court requires full and proper Rule 26(a)(1) disclosures by all parties.

**II.** **Alternative Dispute Resolution Mediation.** Counsel hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsel have discussed with their respective clients the available dispute resolution options provided by the Court and private entities, and that counsel have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsel have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsel certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsel certify they have discussed the advantages and

disadvantages of making a Rule 68 offer of judgment. The failure to comply with these requirements will result in sanctions. See Fed. R. Civ. P. 16(c),(f).

    **A.**    Defendant is interested in scheduling a mediation only after Plaintiffs have complied with this Court's August 15, 2016 Order. And, Defendant is interested in mediation for purposes of discussing settlement on an individual basis, only. Defendant has no interest in participating in any mediation that would include discussion of a class wide settlement. Plaintiffs are willing to mediate this matter on a class wide basis. Therefore, it does not appear that mediation will be successful at this juncture.

**III.**    <u>**Discovery Plan.**</u> The parties jointly propose to the Court the following discovery plan:

    **A.**    Discovery will be needed on the following subjects, among others:

        1.    The parties will conduct discovery regarding the relevant facts, claims, defenses and damages claimed.

    **B.**    Plaintiffs' supplemental discovery responses to comply with the August 15, 2016 court order are due by September 30, 2016.

    **C.**    Each deposition shall be limited to a maximum of 3.5 hours, with agreed upon principal depositions 6 hours, unless extended by agreement of the parties.

    **D.**    Fed. R. Civ. P. 26(a)(2)(c) disclosures are due by January 27, 2017.

    **E.**    Supplementations under Rule 26(e) will be made in a timely manner, but not later than January 27, 2017.

    **F.**    Fact discovery cut-off is set for April 30, 2017.

    **G.**    The parties anticipate retained experts on the following subjects:

        1.    Liability and damages

Report from retained expert for Plaintiffs under Rule 26(a)(2)(B) due May 24, 2017. Deposition of the Plaintiffs' expert shall be taken by June 21, 2017. Report from retained expert for Defendant under Rule 26(a)(2)(B) due July 12, 2017. Deposition of the Defendant's expert shall be taken by August 9, 2017. The parties must give serious thought whether retained experts are necessary for this case. The parties must likewise give serious thought as to the need to depose any retained experts. See Gregory P. Joseph, The Temptation to Depose Every Expert, 40 A.B.A. SEC. LITIG. 1 (2014); William Cirignani, The Case for Not Taking Defense Expert Depositions, 18 TRIAL JOURNAL 20 (Winter 2016).

    H.    All discovery shall be cut off by August 9, 2017.

    I.    All dispositive motions and Plaintiff's motion for class certification are due by May 25, 2017.

    I.    **<u>Counsel may not stipulate to extend discovery matters</u>, including depositions, beyond dates already set in this case management order.**

    J.    **<u>These dates will not be amended absent a showing of good cause</u>. The parties understand that motions for extensions of time should be brought as soon as possible, but at a minimum before the cut-off date, and a party's failure to do so runs the serious risk that the motion will be denied.**

    K.    The parties suggest the next discovery conference with the Court be December 15, 2016.

**IV.    <u>Electronically Stored Information</u>**

Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

For the Court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

When balancing the cost, burden, and need for electronically stored information, the Court and the parties will apply the proportionality standards embodied in Federal Rules of Civil Procedure 26(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information.

Counsel should review the helpful information found at www.discoverypilot.com including the proposed Discovery Plan for Electronically Stored Information for guidance.

### V.     Claims of Privilege or Protection

Absent any specific agreement reached by the parties, the following provisions will apply:

1) The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### VI.    Qualified Protective Order (HIPAA)

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

    A.     The parties and their attorneys are hereby authorized to receive and transmit "protected health information" pertaining to any Plaintiff's treatment of any individual to the extent and subject to the conditions outlined herein.

    B.     For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to,

health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

C. Plaintiffs, each of which is a "covered entity" as defined by 45 C.F.R. § 160.13, are hereby authorized to disclose protected health information pertaining to their treatment of any individual to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

D. The parties and their attorneys shall be permitted to use or disclose the protected health information of any individual treated by any Plaintiff for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

E. Prior to disclosing protected health information pertaining to an individual treated by a Plaintiff to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

F. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health

information received from counsel pursuant to paragraph four of this Order, shall return all protected health information to the covered entity that provided it or destroy any and all copies of protected health information disclosed pursuant to this order, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

G.      This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

H.      Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

I.      This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

Respectfully Submitted,

| Counsel for Plaintiffs | Counsel for Defendant |
|---|---|
| /s/ Devon C. Bruce | /s/ Eric L. Samore |
| Devon C. Bruce | Eric L. Samore |
| Jonathan M. Thomas | Yesha S. Hoeppner |
| Power, Rogers & Smith | Ronald Balfour |
| 70 West Madison, #5500 | SmithAmundsen LLC |

Chicago, IL 60602  
Tel: (312) 236-9381

John Holevas  
Marc Gravino  
Williams McCarthy, LLP  
120 West State Street, 4th Floor  
Rockford, Il 61105  
Tel: (815) 987-8900

150 N. Michigan #3300  
Chicago, IL 60601  
Tel: (312) 894-3200

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 26, 2016, he served a copy of the parties' **Joint Proposed Case Management Order** on all attorneys of record. These pleadings were served pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: August 26, 2016

/s/ Eric L. Samore