UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RITACCA COSMETIC SURGERY AND MED SPA, Ltd., an Illinois LLC, BLACK ALSATIANS, LLC d/b/a PIGMENT DEMOGRAPHICS AND LASER REMOVAL, a Texas LLC, SAXON HATCHETT, DR. THOMAS BURKE, BURKE DERMATOLOGY, P.A., DR. ISABEL BANUCHI, BANUCHI INSTITUTE, DR. STEPHEN SNYDER, DERMATOLOGY LASER CENTER & MEDISPA, THE FACIAL SURGERY CENTER, and ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> CYNOSURE, INC., a Delaware Corporation, <br><br> Defendants. | Case No. 15-cv-50148 <br><br> Judge Frederick Kapala <br><br> Magistrate Judge Iain Johnston |

**DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED CLASS ACTION COMPLAINT**

More than two years after filing their original Complaint on behalf of an Illinois-based entity that is no longer a party to this case, Plaintiffs' counsel filed a Second Amended Class Action Complaint that seeks to assert claims on behalf of six new plaintiffs who were not named in the original Complaint or in the First Amended Complaint: Isabel Banuchi, Banucci Institute, Synergy Medical Specialists, P.C., Dr. Stephen Snyder, Dermatology Laser Center & Medispa, and The Facial Surgery Center (the "newly-named plaintiffs"). None of those plaintiffs has any connection whatsoever to Illinois, and this court lacks jurisdiction to hear any of their claims.

Therefore, pursuant to Fed. R. Civ. P. 12(b)(2), Defendant, CYNOSURE, INC. ("Defendant") moves to: dismiss Counts 7 through 10 of Plaintiff's Second Amended Class Action Complaint in their entirety, as those claims are brought only by the newly-named

1

plaintiffs; dismiss Counts 1 through 4 with respect to the newly-named plaintiffs; and dismiss the newly-named plaintiffs as parties to this action, as none of their claims have any connection to Illinois. In addition, Cynosure moves to dismiss Count 1 of Plaintiffs' Second Amended Class Action Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and the Court's previous order dated August 17, 2016 [Dkt. # 82] granting judgment in favor of Defendant with respect to Plaintiffs' Negligent Misrepresentation count. In support thereof, Defendant states as follows:

### I.     INTRODUCTION

The U.S. Constitution bars this Court from asserting personal jurisdiction over Defendant with respect to claims unrelated to any actions taken in Illinois. "The mere fact that other plaintiffs were [harmed in a given state] – and allegedly suffered the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Bristol-Myers Squibb Company v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1781 (2017).

Plaintiffs' Second Amended Complaint asserts that "[t]he Court has personal jurisdiction over this action and venue is proper in the Northern District, under 28 U.S.C. Section 1391 because one plaintiff, Dr. Daniel Ritacca, resides and is located in the Northern District of Illinois." [Dkt. # 155, ¶ 14]. But that assertion is impossible to reconcile with *Bristol-Myers*. Under *Bristol-Myers* the mere fact that "one plaintiff, Dr. Daniel Ritacca," was allegedly harmed in Illinois and allegedly suffered the same injuries as the nonresident plaintiffs "does not allow [Illinois courts] to assert specific jurisdiction over the nonresidents' claims." Since all of the newly-named plaintiffs are nonresidents and Plaintiffs offer no other basis for this Court to assert jurisdiction over the claims brought by nonresidents, the claims brought by those plaintiffs should be dismissed for lack of personal jurisdiction.

## II.     LEGAL STANDARD FOR PERSONAL JURISDICTION

"[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir 2003). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff may only avoid dismissal by making out a *prima facie* case of personal jurisdiction. *Id.*

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014), quoting *Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (2014). "Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). "[A] federal court borrowing a state jurisdictional statute may acquire personal jurisdiction only to the extent that the state law authorizes service of process." *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Accordingly, "federal personal jurisdiction is proper whenever the person would be amenable to suit under the laws of the state in which the federal court sits[.]" *KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). Since this Court sits in Illinois, it may only exercise jurisdiction to the extent an Illinois state court would be able to do so. *See, e.g., Bakov v. Consol. Travel Holdings Grp., Inc.*, Case No. 15 C 2980, 2016 WL 4146471, at * 1 (N.D. Ill. Aug. 4, 2016).

Courts located in Illinois and applying Illinois law regarding personal jurisdiction may exercise personal jurisdiction to the fullest extent allowed by the Illinois and United States constitutions – but no further. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*, 230 F.3d 934, 940 (7th Cir. 2000), *citing* 735 Ill.Comp.Stat. 5/2-

209(c). Federal courts analyzing the issue have noted that no case has emerged in which due process was satisfied under the federal constitution but not under the Illinois Constitution. *Citadel Group Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 761 (7th Cir. 2008). Therefore, a federal court located in Illinois can resolve the inquiry simply by determining whether its exercise of jurisdiction in a given case would be consistent with the U.S. Constitution. *Id.*

The U.S. Supreme Court has identified only two circumstances under which the federal constitution allows courts to assert personal jurisdiction over a defendant without violating the Due Process Clause of the Fourteenth Amendment. First, a court located in a particular state may exercise "general jurisdiction" over a defendant if that defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). Where a Defendant is *not* essentially at home in the forum state, a Plaintiff invoking the Court's jurisdiction must establish "specific jurisdiction" by showing "an affiliation between the forum and the underlying controversy." *Id.* (citation omitted).

Supreme Court precedent dictates that neither form of jurisdiction exists in this case with respect to the claims of putative class members located outside of Illinois. Accordingly, the claims brought by nonresident plaintiffs in this case should be dismissed for lack of personal jurisdiction.

### III. THIS COURT CANNOT ASSERT GENERAL JURISDICTION OVER CYNOSURE, INC.

"A court may assert general jurisdiction over foreign (sister-state or foreign country) corporations to hear any and all claims against them when their affiliations with the State are so

4

'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear*, 564 U.S. at 919, quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). However, "[t]he threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701. "For an individual, the paradigm forum for the exercise of personal jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as home." *Goodyear*, 564 U.S. at 924. "A corporation's 'continuous activity of some sorts within a state,' *International Shoe* instructed, 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity. *Goodyear*, 564 U.S. at 927, *citing International Shoe*, 326 U.S. at 318. Rather, for a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 134 S.Ct. at 760 (internal citation and punctuation omitted).

Here, Plaintiffs correctly allege that Cynosure is incorporated in Delaware and maintains its principal place of business in Massachusetts. [Dkt. # 155, ¶ 12]. Accordingly, Under *Goodyear* and *Daimler*, only courts located in Delaware or Massachusetts may exercise general personal jurisdiction over Cynosure. This court, situated in Illinois, cannot exercise general jurisdiction over Cynosure without violating the Due Process Clause of the Fourteenth Amendment. Therefore, the court's jurisdiction over Cynosure is limited to those claims for which Plaintiffs are able to establish this court's *specific* personal jurisdiction over Cynosure.

### IV. THIS COURT CANNOT ASSERT SPECIFIC JURISDICTION OVER CYNOSURE, INC., WITH RESPECT TO CLAIMS BROUGHT BY THE NEWLY-NAMED PLAINTIFFS

In order for a court to exercise specific personal jurisdiction over a defendant, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an]

activity or an occurrence that takes place in the forum State and is therefore subject to the state's regulation.'" *Bristol-Myers*, 137 S.Ct at 1780, quoting *Goodyear*, 564 U.S. at 919. "For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*

> **a. The court cannot assert specific jurisdiction over Cynosure, Inc., with respect to claims that have no connection to Illinois.**

Cynosure does not contest this Court's jurisdiction with respect to the claims brought by Ritacca Cosmetic Surgery and Med Spa, Ltd or the other plaintiffs previously named in this action. However, that jurisdiction does not extend to the claims brought by the newly-named plaintiffs. "There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must exist independently for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim." *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings,* 164 F. Supp. 3d 1040, 1044 (N.D. Ill. 2016), quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 n.6 (5th Cir.2006). Rather, as the name implies, specific jurisdiction "is a claim-specific inquiry, and [plaintiffs] bringing multiple claims must establish specific jurisdiction for each claim." *My Canary LLC v. Cessna Aircraft Co.*, Case No. 16 CV 4000 2017 WL 201373 at *2 (N.D. Ill. Jan. 18, 2017). The limitation of specific jurisdiction to the specific claim giving rise to that jurisdiction exists because "permitting the legitimate exercise of specific jurisdiction over one claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause." *Sunny Handicraft (H.K.) Ltd. v. Edwards,* Case No. Case No. 16 C 4025, 2017 WL 1049842, at *4 (N.D. Ill. Mar. 20, 2017)(internal quotation omitted).

Along the same lines, "[t]he mere fact that other plaintiffs were [harmed in a given state] – and allegedly suffered the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Bristol-Myers* 137 S.Ct. at 1781. "As we have explained, 'a defendant's relationship with a…third party, standing alone, is an insufficient basis for jurisdiction.'" *Id.*, quoting *Walden*, 134 S.Ct. 1123 (ellipsis in original). "This remains true even when third parties (here, the plaintiffs who reside in [the forum state]) can bring claims similar to those brought by the nonresidents." *Id.* (parentheses in original).

Here, Plaintiffs assert that "[t]he Court has personal jurisdiction over this action…because one plaintiff, Dr. Daniel Ritacca, resides and is located in the Northern District of Illinois." [Dkt. # 155, ¶ 14]. Cynosure does not contest this Court's jurisdiction over the claims brought by Ritacca Cosmetic Surgery and Med Spa or the other previously-named plaintiffs.[1] However, Cynosure *does* contest this Court's jurisdiction with respect to all claims brought by the newly-named plaintiffs. The mere fact that "one plaintiff, Dr. Daniel Ritacca," was allegedly harmed in Illinois and allegedly suffered the same injuries as the nonresident plaintiffs "does not allow [Illinois courts] to assert specific jurisdiction over the nonresidents' claims." *Bristol-Myers*, 137 S.Ct. at 1781. Similarly, because "[t]here is no such thing as supplemental specific personal jurisdiction," *Testosterone Replacement Therapy,* 164 F. Supp. at 1044, this court's power to exercise jurisdiction over claims brought by the previously-named plaintiffs does not extend to the claims brought by the newly-named plaintiffs. Plaintiffs'

---

[1] Cynosure chooses not to contest this court's jurisdiction over the specific individual claims brought by the previously-named plaintiffs. However, Cynosure specifically reserves the right to challenge this court's jurisdiction over claims not yet before the court, including the claims of all putative class members that the previously-named plaintiffs seek to represent. Cynosure explicitly maintains the position that the court cannot properly assert jurisdiction over the claims of any putative class members that cannot show the requisite connection between their claims and Illinois; Cynosure intends to raise this defense if and when those claims are presented to the court in a motion for class certification or otherwise.

assertion to the contrary in paragraph 12 of their Second Amended Complaint is incorrect as a matter of law.

### b. The newly-named plaintiffs' claims have no connection to Illinois

There is no other basis for this court to assert jurisdiction over the newly-named plaintiffs' claims. For example: the Banucci Institute alleges that it is a licensed LLC in Peurto Rico, not Illinois. [Dkt #155, ¶ 8]. It further alleges that it "saw, heard, read and relied upon" certain representations made by Cynosure – but does not allege that it "saw, heard, read and relied upon" those representations *in Illinois* [*Id.*, ¶ 99]. It further alleges that Dr. Isabel Bannuchi purchased a PicoSure Product pursuant to a written contract with Cynosure – but does not allege that the written contract was entered into *in Illinois*. [*Id.* ¶ 100]. Banucci Institute further alleges that it "purchased and continued to use the PicoSure product" – but does not allege that such purchase or continued use occurred *in Illinois*. [*Id.* ¶ 102]. Banucci Institute alleges that it "administered the treatment as Cynosure recommended," but *not* that any such treatment occurred *in Illinois*. [*Id.* ¶ 104]. Far from sufficient "minimum contacts" to establish an Illinois court's jurisdiction, Banucci Institute has not alleged *any* connection between its claims and Illinois *at all*.

The other newly-named Plaintiffs fair no better. Those plaintiffs are based in California, Maryland, and Pennsylvania – not in Illinois. [*Id.,* ¶¶ 9-11]. Like Banucci Institute, each newly-named Plaintiff alleges that it "saw, heard, read and relied upon" representations made by Cynosure *without* any corresponding allegation that the representations were seen, heard, read, or relied upon *in Illinois.* [*Id.,* ¶¶ 113, 127, 141]. Like Banucci Institute, each newly-named Plaintiff alleges that it entered into a contract with Cynosure – but does not allege that the contract was negotiated *in Illinois*, agreed to *in Illinois*, or breached *in Illinois*. [*Id.,* ¶¶ 114, 128,

8

142]. Like Banucci Institute, each newly-named Plaintiff alleges that it continued to use the Picosure product – but not that it ever used the product *in Illinois*. [*Id.,* ¶¶ 116, 130, 144]. Like Banucci Institute, each newly-named Plaintiff alleges that it "administered the treatment as Cynosure recommended," but not that any such treatment occurred *in Illinois*. [*Id.,* ¶¶ 118, 132, 146]. Like Banucci Institute, none of the newly-named plaintiffs has alleged any connection whatsoever linking their claims to Illinois.

A plaintiff may only invoke specific jurisdiction if its claims arise from an "activity or an occurrence that takes place in the forum State and is therefore subject to the state's regulation." *Bristol-Myers*, 137 S.Ct at 1780, quoting *Goodyear*, 564 U.S. at 919. The newly-named plaintiffs' claims do not meet that standard, and as a result this court lacks jurisdiction over those claims.

**V. COUNT I (NEGLIGENT MISREPRESENTATION) OF PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT IS BARRED BY "LAW OF THE CASE" DOCTRINE.**

"Generally, under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *United States v. Story*, 137 F.3d 518, 520 (7th Cir. 1998), quoting *United States v. Thomas*, 11 F.3d 732, 736 (7th Cir. 1993). In this case, the court found as a matter of law that Plaintiffs' allegations do not state a claim for Negligent Misrepresentation. Specifically, by order dated August 17, 2016, the Court held that the previously-named plaintiffs' Negligent Misrepresentation claim "is barred under the economic loss doctrine and is therefore dismissed." [Dkt. # 82. P. 4]. Under "law of the case" doctrine, that ruling should continue to govern this

case and the claim should again be dismissed.[2] Since the Court lacks jurisdiction over the claims of the newly-named Plaintiffs, it need not address whether those claims are also precluded by law of the case doctrine.

## VI. CONCLUSION

This case is identical to *Bristol-Myers* in all relevant respects. As in *Bristol-Myers*, the nonresident plaintiffs in this case seek to invoke this court's jurisdiction on the basis of the allegation that *someone else* was harmed in the forum state. As in *Bristol-Myers*, the nonresident plaintiffs have joined in a lawsuit with resident plaintiffs in an attempt to invoke the court's jurisdiction despite the fact that their specific claims have no connection to the forum state. As in *Bristol-Myers,* this effort to circumvent the law and sue the defendant in a forum lacking any connection to the underlying controversy violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Accordingly, dismissal of the nonresidents' claims for lack of personal jurisdiction is proper. In addition, dismissal of Plaintiffs' Negligent Misrepresentation claim (Count I) is proper pursuant to this Court's order of August 17, 2016, granting judgment in favor of Cynosure with respect to that claim.

Respectfully submitted,

August 28, 2017

By: \_\_\_/s/ Eric L. Samore_____
Counsel for Defendant, CYNOSURE, INC.

Eric L. Samore ARDC # 6181345
Albert M. Bower ARDC # 6277162
Yesha Hoeppner ARDC #6304109
Ronald Balfour ARDC # 6307658
Kathryn Long ARDC # 6299363
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

---

[2] Plaintiffs did leave a footnote indicating that they "acknowledge" the Court's prior order and include Count I of the Second Amended Complaint for the purpose of preserving the matter [Dkt. #155, p. 33], but Plaintiffs' purported purpose for reasserting this barred claim does not change the fact that they have reasserted it.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2017, he served **DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** on all attorneys of record. This pleading was served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]   Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: August 28, 2017

/s/ Eric L. Samore

Eric L. Samore ARDC #6181345
Albert M. Bower ARDC # 6277162
Yesha Hoeppner ARDC #6304109
Ronald D. Balfour ARDC #6307658
Kathryn Long ARDC #6299363
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200