# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LDGP, LLC, et al., | ) | |
| | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     v. | ) | Case No: 15 C 50148 |
| | ) | |
| Cynosure, Inc., | ) | |
| | ) | |
|     *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's partial motion to dismiss [158] is granted.

## STATEMENT

Plaintiff, LDGP, LLC, d/b/a Hartsough Dermatology ("LDGP"), initially brought suit against defendant, Cynosure, Inc. ("Cynosure"), advancing claims having to do with the sale of tattoo removal machines by defendant to plaintiff. Numerous other plaintiffs were added in the first amended complaint. LDGP was omitted from the second amended complaint, operative here, and thus terminated from the case, while more plaintiffs were added. The operative complaint contains the following Counts: (I) Negligent Misrepresentation, (II) Fraudulent/Intentional Misrepresentation, (III) Fraud by Omission, (IV) Breach of Contract- Breach of Express Warranties Under the Uniform Commercial Code, (V) Violation of the Illinois Consumer Fraud Act, (VI) Violation of the Delaware Consumer Fraud Act, (VII) Violation of the California False Advertising Law, (VIII) Violation of the California Unfair Competition Law, (IX) Deceit under California Civil Code § 1710, (X) Deceit under Pennsylvania Unfair Trade Practices and Consumer Protection Law. Before the court is defendant's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the following reasons, the court dismisses Count I; the claims brought exclusively by nonresident plaintiffs, comprising Counts VI, VII, VIII, IX, and X; and all remaining claims with respect to nonresident plaintiffs.

## I. BACKGROUND

Plaintiffs purchased tattoo removal machines from defendant and subsequently alleged that defendant had made misrepresentations in advertising the machines. Plaintiffs allege that through written advertisements, flyers, brochures, product inserts, press releases, websites, and public statements, defendants attracted purchasers, including plaintiffs, all while knowing that defendant's representations were false.

The first amended complaint identified the plaintiffs as LDGP; Ritacca Cosmetic Surgery and Med Spa, Ltd. ("Ritacca"); Black Alsatians, LLC d/b/a Pigment Demographics and Laser Removal ("PDLR"); and Burke Dermatology, P.A. ("Burke"). The second amended complaint,

operative here, omitted plaintiff LDGP, who was consequently terminated from the case, but added four new plaintiffs, namely Banucci Institute, LLC ("Banucci"); Synergy Medical Specialists, P.C. ("Synergy"); Dermatology Laser Center & Medispa, LLC ("DLCM"); and The Facial Surgery Center ("FSC"). In sum, named plaintiffs currently include three who were listed in both the first amended complaint and the second amended complaint (Ritacca, PDLR, and Burke), and four who were added in the second amended complaint (Banucci, Synergy, DLCM, and FSC).[1] Plaintiffs allege that Ritacca is located and licensed in Illinois. All of the other plaintiffs, however, are alleged to be located or licensed in jurisdictions other than Illinois, and there are no allegations that any of them have any presence in or connection with Illinois of any kind. Defendant is incorporated in Delaware, maintains its principle place of business in Massachussetts, and does business in Illinois.

## II. ANALYSIS

### A. Personal Jurisdiction

Federal courts are courts of limited jurisdiction, and only possess the power authorized by the Constitution and statute. Gunn v. Minton, 568 U.S. 251, 256 (2013). "A federal court sitting in diversity must rely on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002); see also Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010) ("[W]here no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state." (footnote omitted) (citing Fed R. Civ. P. 4(k)(1)(A))). The Illinois long-arm statute "permits its courts to exercise personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment." Kipp v. Ski Enter. Corp. of Wis., 783 F.3d 695, 697 (7th Cir. 2015); see also 735 ILCS 5/2–209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). "Because Illinois permits personal jurisdiction if it would be authorized by either the Illinois Constitution or the United States Constitution, the state statutory and federal constitution requirements merge." uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 425 (7th Cir. 2010).

The Due Process Clause authorizes two forms of personal jurisdiction: general all-purpose jurisdiction, and specific or case-linked jurisdiction. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence." Tamburo, 601 F.3d at 701. Courts have not limited the reach of general jurisdiction to a defendant's domicile, but rather, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Abelesz v. OTP Bank, 692 F.3d 638, 654 (7th Cir. 2012) (emphasis omitted) (quoting Goodyear, 564 U.S. at 919). With respect to a corporation, the paradigm bases for general jurisdiction are its place of

---

[1] In defendant's partial motion to dismiss, the subject of this decision, it states that the "Second Amended Class Action Complaint . . . seeks to assert claims on behalf of six new plaintiffs who were not named in the original Complaint or in the First Amended Complaint." Plaintiffs' response to defendant's motion indicates that "Plaintiffs filed their Second Amended Class Action Complaint, adding six newly-named, nonresident Plaintiffs." Despite inconsistencies between and ambiguities in plaintiffs' complaints and response, a close reading reveals the procession of plaintiffs to be as described here.

incorporation and principal place of business. See Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014). These bases allow plaintiffs at least one clear forum in which a corporate defendant may be considered subject to general personal jurisdiction. Id. Mere continuous activity in a forum state, however, is not sufficient to establish general jurisdiction. Id. at 757.

"Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum." Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 582 U.S. ___, 137 S. Ct. 1773, 1780 (2017). "[T]here must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. Because of this, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. Additionally, a state may not assert specific jurisdiction over a nonresident's claim where the connection to the state is based on the defendant's conduct in relation to a resident plaintiff, and not the nonresident plaintiff. See id. at 1781 (explaining that the "mere fact that other [resident] plaintiffs" were prescribed and took defendant's drugs in the state and sustained the same injuries as nonresident plaintiffs did not provide the required "connection between the forum and the specific claims at issue" for the Court to exercise jurisdiction over the nonresidents' claims against defendant); see also McDonnell v. Nature's Way Prods., LLC, 2017 WL 4864910 at *4 (N.D. Ill. Oct. 26, 2017).[2]

**B. Nonresident Plaintiffs**

Defendant does not contest the court's jurisdiction with respect to the claims brought by plaintiff Ritacca, the only plaintiff with alleged connections to Illinois. It does, however, contest the court's jurisdiction with respect to the claims brought by the other plaintiffs, arguing that the court's power to exercise jurisdiction over claims brought by resident plaintiffs does not extend to the claims of nonresident plaintiffs. As an example, it focuses on the allegation that Banucci is licensed in Puerto Rico and the absence of allegations that the events from which Banucci's claims arose took place in, or had any connection with, Illinois, and extends this reasoning to the other nonresident plaintiffs. It argues, relying on Bristol-Myers Squibb, that it is not subject to the court's personal jurisdiction with regard to their claims.

Plaintiffs respond by arguing that the nonresident plaintiffs' claims sufficiently "relate to the original, resident Plaintiffs' claims because their allegations are nearly identical, the only difference being where the injury took place." Citing numerous out-of-circuit opinions, plaintiffs contend that the requirement for specific personal jurisdiction that a plaintiff's claim "arise out of or relate to" a defendant's contacts with the forum state is a flexible one, and that because the claims of at least one plaintiff, Ritacca, arose out of events taking place in Illinois, defendant is also subject to personal jurisdiction for similar claims brought by other plaintiffs that have no other connection to Illinois. In an attempt to distinguish Bristol-Myers Squibb, plaintiffs point out that the number of nonresident plaintiffs there was significantly greater than the number of nonresident plaintiffs here. Plaintiffs do not address defendant's argument concerning Bristol Myers Squibb's principle that

---

[2]Though Bristol-Myers Squibb expressly applies to state courts and "leave[s] open the question of whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," 137 S. Ct. at 1784, the court is exercising diversity jurisdiction and looking to Illinois law, so Bristol-Myers Squibb applies here. See McDonnell, 2017 WL 4864910 at *4 n.7.

3

nonresident plaintiffs cannot establish personal jurisdiction when their claims are not connected to the forum aside from similarities to another plaintiff's claims that arise from events that took place in the forum.

Plaintiffs' arguments are unconvincing. Though the nonresidents' claims are similar to those of resident plaintiffs, the difference that plaintiffs point out is fundamental: the events that lead to the nonresidents' claims took place outside of Illinois. The number of would-be nonresident plaintiffs has no bearing on whether those plaintiffs' claims arise from or relate to the defendant's activity in the forum. "The mere fact that other [resident] plaintiffs" suffered harm in Illinois, "and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims. As [the Court has] explained, 'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction.'" Bristol-Myers Squibb, 137 S. Ct. at 1781 (quoting Walden v. Fiore, 571 U.S. ___, 134 S. Ct. 1115, 1123 (2014)). This is "true even when third parties . . . can bring claims similar to those brought by the nonresidents." Id. Consequently, this court does not have personal jurisdiction over defendant with regard to the claims brought against it by the nonresident plaintiffs, namely PDLR, Burke, Banucci, Synergy, DLCM, and FSC, and dismissal of those claims under Fed. R. Civ. P. 12(b)(2) is warranted.

### C. Count I: Negligent Misrepresentation

Defendant further moves for dismissal of Count I in its entirety pursuant to the court's previous order dated August 17, 2016. In that order, the court dismissed plaintiffs' claim of negligent misrepresentation alleged in their first amended complaint. Plaintiffs included an identical claim of negligent misrepresentation in Count I of the second amended complaint, accompanied by a footnote indicating that they acknowledge the court's earlier order, and that they only included Count I to preserve the matter for appeal. Further, plaintiffs do not contest defendant's motion to dismiss with regard to Count I. Accordingly, Count I is dismissed. See Firestone Fin. Corp. v. Meyer, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss.").

### III. CONCLUSION

For the foregoing reasons, Counts I, VI, VII, VIII, IX, and X are dismissed in their entirety and Counts II, III, and IV are dismissed with respect to plaintiffs PDLR, Burke, Banucci, Synergy, DLCM, and FSC.

Date: 1/16/2018

ENTER:

_____
FREDERICK J. KAPALA

District Judge