UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RITACCA COSMETIC SURGERY AND MED SPA, LTD., *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No. 3:15-cv-50148 ) ) Judge Frederick J. Kapala |
| v. | ) ) Magistrate Judge Iain D. Johnston |
| CYNOSURE, INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT CYNOSURE, INC.'S MOTION
TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

Defendant Cynosure, Inc. ("Cynosure") moves this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure to strike Plaintiffs' class action allegations.

**INTRODUCTION**

The Court should strike Plaintiffs' class action allegations. Its recent order holding that Illinois courts lack personal jurisdiction over the claims of the out-of-state named Plaintiffs dooms Plaintiffs' purported nationwide class. *See* Order (Jan. 16, 2018), ECF No. 170. The Court lacks jurisdiction over the nonresident *absent* class members for precisely the same reasons it lacks jurisdiction over the nonresident *named* Plaintiffs.

Nor can the sole remaining Illinois-resident Plaintiff obtain certification of a statewide class of Illinois purchasers. Cynosure has sold PicoSure devices to fewer than 20 Illinois purchasers. That is too few class members to satisfy Rule 23(a)'s numerosity requirement.

These are fundamental and straightforward problems with Plaintiffs' class action allegations. The Court should address them now rather than awaiting full-fledged discovery and class certification proceedings, and upon doing so should strike the class allegations.

## BACKGROUND

Cynosure is a Delaware corporation that is headquartered in Massachusetts. Second Amended Class Action Complaint, ECF No. 155 ("SAC") ¶ 12. Cynosure markets the PicoSure Picosecond Aesthetic Workstation ("PicoSure"), a product that uses laser technology to remove tattoos. SAC ¶ 1. This case seeks certification of a purported nationwide class of PicoSure purchasers based upon Plaintiffs' allegation that Cynosure misrepresented PicoSure's efficacy in removing tattoos. SAC ¶¶ 20, 155. The named Plaintiffs included in the SAC hail from Illinois, Texas, Delaware, Puerto Rico, California, Maryland, and Pennsylvania. SAC ¶¶ 6–12.

On January 16, 2018, the Court granted Cynosure's partial motion to dismiss, holding that the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) foreclosed personal jurisdiction over Cynosure with respect to the claims of the nonresident named Plaintiffs, which arose from events outside of Illinois. ECF No. 170 at 2–4. As a result of the Court's decision, Ritacca Cosmetic Surgery and Med Spa Ltd. ("Ritacca"), an Illinois corporation, is the sole remaining named Plaintiff. *See* SAC ¶ 5; ECF No. 170 at 4.

## ARGUMENT

Federal Rule of Civil Procedure 23 states that class certification should be addressed "[a]t an early practicable time" and allows the court to issue an order that "require[s] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(c)(1)(A) and (d)(1)(D). A court may therefore "reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) (striking class allegations).

The Court's recent personal jurisdiction ruling limits this to an Illinois-only case. Yet because there are not enough Illinois purchasers of PicoSure to sustain a class action, Plaintiffs will *never* be able to satisfy Rule 23 (a)'s numerosity requirement. The Court should therefore strike the class action allegations in their entirety before further costly and time-consuming discovery.[1]

**I.  THE COURT LACKS PERSONAL JURISDICTION OVER CYNOSURE WITH RESPECT TO THE CLAIMS OF ABSENT CLASS MEMBERS OUTSIDE ILLINOIS.**

The Court's order dismissing the out-of-state named Plaintiffs for lack of jurisdiction forecloses jurisdiction over the nonresident absent class members. *See* ECF No. 170. As the Court previously recognized, it lacks *general* jurisdiction over Cynosure, and therefore it may only exercise *specific* jurisdiction with respect to claims that "arise out of or relate to the defendant's contacts with the forum." *Id.* at 3 (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1780). The Court further held that, as "the events that lead to the nonresidents' claims took place outside of Illinois," the mere similarity between the claims of the nonresident named plaintiffs who were joined with an Illinois plaintiff did not support jurisdiction over the non-residents. *Id.* at 3–4.

This holding applies equally to the unnamed class members. Just as the Court lacks personal jurisdiction to adjudicate the claim of a nonresident purchaser named as a party, it lacks the power to adjudicate the claim of the same purchaser proceeding as an absent class member. In fact, three other courts in this District have reached precisely that conclusion.

In *McDonnell v. Nature's Way Prods., LLC*, 2017 WL 4864910, at *5 (N.D. Ill. Oct. 26, 2017)—a decision cited approvingly by this Court (ECF No. 170 at 3 & n.2)—the court

---

[1]  Cynosure reserves the right to oppose class certification on other grounds, such as failure to satisfy the adequacy of representation, commonality, typicality, and predominance requirements, should it prove necessary to do so.

3

dismissed portions of a putative consumer fraud class action on behalf of nonresident class members. Judge Ellis reasoned that "[a]lthough [the absent class members] are not named plaintiffs, the analysis used in *Bristol-Myers Squibb* is instructive in considering whether the [c]ourt has personal jurisdiction over the claims [the named plaintiff] asserts on their behalf." *Id.* at *4. The court concluded that it lacked personal jurisdiction over claims brought on behalf of absent class members who were not Illinois residents. *Id.*

Similarly, in *Demedicis v. CVS Health Corp.*, 2017 WL 569157 (N.D. Ill. Feb. 13, 2017), Judge Darrah held that "[b]ecause specific personal jurisdiction is based on claims arising out of a defendant's conduct within the forum state, this [c]ourt has no jurisdiction over claims based on out-of-state consumer fraud laws." *Id.* at *4. And, most recently, in *DeBernardis v. NBTY, Inc.*, 2018 WL 461228, at *1–2 (N.D. Ill. Jan. 18, 2018), Judge Leinenweber granted a motion to dismiss claims brought on behalf of nonresident absent class members, concluding that *Bristol-Myers Squibb* precludes the certification of nationwide class actions in a forum that lacks general jurisdiction over the defendant.[2]

It is true that some courts outside this District and Circuit have reached the opposite conclusion, *see, e.g.*, *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017).[3] But these cases cannot be squared with *Bristol-Myers Squibb*

---

[2] While the Court need not reach the question, it seems improbable that an Illinois class representative could, in any event, represent a nationwide class of purchasers whose claims are pleaded and would be governed by the laws of multiple states. *See, e.g.*, *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("No class action is proper unless all litigants are governed by the same legal rules."); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 674 (7th Cir. 2001) ("A nationwide class in what is fundamentally a breach-of-warranty action, coupled with a claim of fraud, poses serious problems about choice of law, the manageability of the suit, and thus the propriety of class certification.").

[3] *See also Day v. Air Methods Corp.*, 2017 WL 4781863, at *2 (E.D. Ky. Oct. 23, 2017) ("the inquiry for personal jurisdiction lies with the named parties of the suit asserting their

4

and, in any event, this Court has implicitly rejected their reasoning in its prior ruling. As the Court there recognized, *Bristol-Myers Squibb* teaches that an out-of-state plaintiff who lacks contacts with the forum cannot bootstrap his way into court by joining with an in-state plaintiff. *See* ECF No. 170 at 4 ("'The mere fact that other [resident] plaintiffs' suffered harm in Illinois, 'and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.'") (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1781) (emphasis in original). Use of a different procedural device—class treatment under Rule 23 rather than joinder—does not alter the due process principle.

Indeed, the Supreme Court has explained that "[a] class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits…. [L]ike traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) (plurality opinion); *see also Giwargis v. Green Tree Servicing, LLC*, 2013 WL 140923, at *4 (N.D. Ill. Jan. 10, 2013) (same). The Rules Enabling Act similarly provides that a federal rule may not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b).

In sum, as in *Bristol-Myers Squibb*, the absent class members "are not [Illinois] residents and do not claim to have suffered harm in that State," and "[a]ll the conduct giving rise to the nonresidents' claims occurred elsewhere." *Bristol-Myers Squibb*, 137 S. Ct. at 1782. Rule 23 cannot supply the missing connection to the forum, just as joinder was insufficient to confer jurisdiction over the out-of-state named Plaintiffs. *See* ECF No. 170, at 4.

---

various claims against the defendant, not the unnamed proposed class members"); *Feller v. Transamerica Life Ins. Co.*, 2017 WL 6496803, at *17 (C.D. Cal. Dec. 11, 2017) (following *Fitzhenry*); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2017 WL 5971622, at *12 (E.D. La. Nov. 30, 2017) (same).

## II.  THERE ARE NOT ENOUGH CLASS MEMBERS TO SATISFY RULE 23'S NUMEROSITY REQUIREMENT FOR AN ILLINOIS-ONLY CLASS.

Plaintiff cannot maintain an Illinois-only class because there are too few PicoSure sales in Illinois to support a class action. To certify a class action, the plaintiff has the burden of establishing that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Pruitt v. City of Chicago*, 472 F.3d 925, 926–27 (7th Cir. 2006) (affirming denial of class certification for lack of numerosity in employment discrimination case involving "fewer than 40 workers," where the plaintiffs failed to explain "why it would be any harder to have 40 plaintiffs than to have 40 hearings … as part of one class action").

Rule 23(a)'s numerosity requirement reflects "the legal system's preference that litigation be conducted by present, joined, individual litigants rather than by class representatives on behalf of absent class members." 1 Newberg on Class Actions § 3:11 (5th ed. Dec. 2017 update) ("Newberg"); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) ("The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'") (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979)). In addition, "the requirement that joinder of individual litigants be impractical helps ensure that proceeding in the class form is in fact an efficient means of adjudication." 1 Newberg § 3:11.

As the party seeking certification, Plaintiff has the burden "to specifically explain why joinder is impracticable," *Lyne v. Arthur Andersen & Co.*, 1991 WL 247576, at *2 (N.D. Ill. Nov. 12, 1991), meaning that joinder of all class members would be "extremely difficult and inconvenient," *Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391, 399 (N.D. Ill. 1999). Most importantly here, "[c]ertification of classes containing less than twenty-five members is generally not permitted absent special circumstances." *Danis*, 189 F.R.D. at 399 (citations omitted); *see also Lyne*, 1991 WL 247576, at *2 (citing *State Sec. Ins. Co. v. Frank B. Hall &*

6

*Co.*, 95 F.R.D. 496, 498 (N.D. Ill. 1982) for the proposition that prospective class size between 28 and 40 is '*at best*' in the lower reaches of Rule 23 permissibility").

There are fewer than the presumptively insufficient 25 Illinois class members here. Cynosure produced during discovery a list of PicoSure purchasers through December 2015, after the original complaint was filed in this action. Declaration of Kyle D. Gooch ¶ 3. Those records show only 14 total sales of the PicoSure product to Illinois purchasers as of that date. *Id.* ¶ 3 & Ex. A. Even if the class period extended past that date, there were still only 19 purchasers of the device in Illinois as of January 30, 2018. *Id.* ¶ 4 & Ex. B. Thus, making the unlikely assumption that no Illinois purchasers were to opt-out, their numbers fall below the presumptive 25-member floor. *See Danis*, 189 F.R.D. at 400 (holding that the joinder as defendants of 15 underwriters of initial public offering was not impractical); *Lyne*, 1991 WL 247576, at *2 (denying class certification because the 18-member prospective class was "very small by Rule 23 norms").

Nor does this case present special circumstances that might justify certification of a class of fewer than 25 members. The factors used to assess whether joinder is impractical do not suggest a need for class action treatment. *See* 1 Newberg § 3.12 (factors include "judicial economy arising from avoidance of a multiplicity of actions, geographic dispersion of class members, size of individual claims, financial resources of class members, and the ability of claimants to institute individual suits."). Each class member's claims are sizable enough to support individual suits. Ritacca, for example, is seeking "recovery of the cost [it] paid for the Picosure machine," which is $251,000, plus the costs of its "service contract" and "maintenance fees." Gooch Decl. Ex. C (Ritacca's Response to Interrog. No. 16.). Moreover, the class members are not individuals lacking in financial resources, but are businesses such as dermatology practices, tattoo clinics, surgical centers, and medical spas, each of which entered

into a commercial transaction to purchase a sophisticated medical device. SAC ¶¶ 3, 5–12, 48. Geographic dispersion is also no practical impediment to Illinois purchasers bringing suit in this Court should they wish to do so. And the class members' identifies are readily ascertainable based on Defendants' business records.

Finally, judicial economy favors individual litigation over a class action. The Court could consolidate or coordinate proceedings just as efficiently with individual claims, *see* Fed. R. Civ. P. 42(a), while avoiding the need for compliance with Rule 23's procedural requirements, including full briefing on a motion for class certification, the potential for interlocutory review of that decision, and approval and provision of notice to absent class members. *See* Fed. R. Civ. P. 23(c)(2), (d), and (f).

## CONCLUSION

The foregoing reasons, the Court should issue an order pursuant to Rule 23 striking the class allegations in plaintiff's Second Amended Complaint.

Dated: February 12, 2018                                Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: _/s/ Daniel Meyers_
Daniel Meyers
Emily Dillingham
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
T: +1 312 583 2300
F: +1 312 583 2360
daniel.meyers@arnoldporter.com
emily.dillingham@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Daniel S. Pariser
Jocelyn A. Wiesner
601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.5000
F: +1 202.942.5999
daniel.pariser@arnoldporter.com
jocelyn.wiesner@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Anand Agneshwar
Lori B. Leskin
Kyle D. Gooch
250 West 55th Street
New York, NY 10019-9710
T: +1 212 836 8000
F: +1 212 836 8689
anand.agneshwar@arnoldporter.com
lori.leskin@arnoldporter.com
kyle.gooch@arnoldporter.com

**SMITHAMUNDSEN LLC**
Eric L. Samore
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
T: +1 312.894.3200
F: +1 312.997.1843
eric.samore@salawus.com

*Attorneys for Defendant Cynosure, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Western Division, using the Court's CM/ECF system, and that a copy was served via electronic means on February 12, 2018, upon all counsel of record pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

By:  */s/ Daniel Meyers*