```
 1                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              WESTERN DIVISION

 3   LDGP, LLC, et al.,              )  Docket No. 15 C 50148
                                     )
 4              Plaintiffs,          )  Rockford, Illinois
                                     )  Thursday, January 25, 2018
 5       v.                          )  10:00 o'clock a.m.
                                     )
 6   CYNOSURE, INC.,                 )
                                     )
 7              Defendant.           )

 8                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE IAIN D. JOHNSTON
 9
     APPEARANCES:
10
     For the Plaintiffs:           POWER, ROGERS & SMITH
11                                 (70 W. Madison Street,
                                    Suite 5500
12                                  Chicago, IL  60602) by
                                   MR. DEVON C. BRUCE
13
                                   WILLIAMS McCARTHY
14                                 (120 W. State Street,
                                    P.O. Box 219,
15                                  Rockford, IL  61105-0219) by
                                   MR. MARC C. GRAVINO
16
     For the Defendant:            SMITH AMUNDSEN LLC
17                                 (150 N. Michigan Avenue,
                                    Suite 3300
18                                  Chicago, IL  60601) by
                                   MS. KATHRYN V. LONG
19
                                   ARNOLD & PORTER KAYE SCHOLER
20                                 (601 Massachusetts Avenue NW,
                                    Washington, DC  20001) by
21                                 MR. DANIEL S. PARISER

22                                 (70 West Madison Street,
                                    Suite 4200,
23                                  Chicago, IL  60602) by
                                   MS. EMILY NEWHOUSE DILLINGHAM
24
                                   (250 West 55th Street,
25                                  New York, NY  10019) by
                                   MR. KYLE D. GOOCH
```

```
 1   Court Reporter:          Heather M. Perkins-Reiva
                              327 S. Church Street
 2                            Rockford, Illinois   61101
                              (779) 772-8309
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            THE CLERK:  Calling 15 CV 50148, LDGP, LLC vs.
 2  Cynosure, Inc.
 3            MR. BRUCE:  Your Honor, it looks like they brought
 4  the Army.
 5            MR. PARISER:  Not the whole Army, your Honor.
 6            MR. BRUCE:  Well, Washington, Chicago.  I think there
 7  are more lawyers on the other side of this case than are at my
 8  firm.
 9            THE COURT:  Oh, stop it.  I know your firm, and your
10  firm has got plenty of lawyers.
11            All right.  Let's get appearances.
12            MR. BRUCE:  Good morning, your Honor.  Devon,
13  D-e-v-o-n, Bruce on behalf of the Plaintiff.
14            THE COURT:  Good morning, Mr. Bruce.
15            MR. GRAVINO:  Good morning, your Honor.  Marc Gravino
16  on behalf of the Plaintiff.
17            THE COURT:  Good morning, Mr. Gravino.
18            MR. PARISER:  Good morning, your Honor.  Daniel
19  Pariser, with Arnold & Porter Kaye Scholer, for the Defendant.
20  It is a pleasure to be in front of your Honor.
21            THE COURT:  Good morning.
22            Hold on one second.  Where did you go?  Oh, there you
23  are.  Okay.
24            MS. LONG:  Good morning, your Honor.  Kate Long from
25  Smith Amundsen for the Defendant.
```

```
 1             THE COURT:  Good morning, Ms. Long.
 2             MS. DILLINGHAM:  Good morning, your Honor.  Emily
 3   Dillingham, from Arnold & Porter Kaye Scholer, for the
 4   Defendant.
 5             THE COURT:  Good morning.
 6             MR. GOOCH:  Good morning, your Honor.  Kyle Gooch,
 7   from Arnold & Porter Kaye Scholer, for the Defendant.
 8             THE COURT:  Good morning.
 9             So, Ms. Long, are you guys totally stepping out at
10   this point?
11             MS. LONG:  No, we are going to maintain our
12   appearance in this case and provide support for Arnold &
13   Porter as needed.  So we will be around.
14             THE COURT: All right.  I mean, I know you have
15   institutional knowledge of the case.
16             MS. LONG:  Exactly.
17             THE COURT:  And I would hate to see that walk out the
18   door.
19             Okay.  So Judge Kapala entered an order.  The
20   last -- too many things on my desk here.  Hold on one second.
21             So we have got a 2015 case that's before Judge
22   Kapala.  I need to know where we are going with this thing.  I
23   know there was the attempted settlement conference that
24   probably didn't even -- it didn't even get off the ground.
25             MR. BRUCE:  It didn't get off the ground, your Honor.
```

1  And if I can circumvent, I have talked to Mr. Pariser, and we
2  have worked out a CMC order, as you, I believe, directed or
3  suggested the last time.
4          THE COURT: Okay.
5          MR. BRUCE: But before we get to that, Mr. Pariser
6  indicated to me that based upon Judge Kapala's ruling that
7  just came down, a mere flesh wound, he, Mr. Pariser, indicated
8  that he would be filing additional motions. And we got in a
9  big discussion, and I said, "Well, I don't know if I'm going
10 to need discovery, I don't know which," and we both came to
11 the conclusion maybe -- and this is a joint suggestion; we are
12 not bickering about this one, Judge -- maybe Mr. Pariser and
13 the Army could file their motions, and I could take a look at
14 those, and then that might judge whether I need to do
15 discovery or to what extent.
16         That makes sense to me, Judge, because I could be an
17 obstructionist and say I object, but to my knowledge, I can't
18 object to the man filing a motion. So I was just going to say
19 if we can get a time period in which he can file a motion, and
20 then we can come back shortly thereafter and see what my
21 response to that motion is.
22         THE COURT: Okay. Mr. Pariser, go ahead.
23         MR. PARISER: Yes, your Honor. I mean, the ruling
24 that Judge Kapala entered with respect to personal
25 jurisdiction, in our view, was really a game changer in this

1  case.  The court dismissed all of the class representatives
2  that resided out of state based on lack of personal
3  jurisdiction.  So all we are left with is one in-state
4  Illinois class representative, and essentially our position is
5  going to be that really ends this as a nationwide class action
6  because there is, likewise, no jurisdiction over absent class
7  members who reside out of state, and there is going to be
8  insufficient sales in Illinois to even maintain a statewide
9  class.
10         So we think that's a big-picture issue, a threshold
11  issue that the judge can resolve, I think, fairly quickly and
12  expeditiously, and as discussed with Mr. Bruce, our thought
13  was to get those motions on file and see what happens before
14  we proceed with further discovery because, obviously, it is
15  going to significantly impact the scope of the case,
16  proportionality issues and the like, and obviously mindful of
17  the court wanting to move the case and totally understand
18  that, but that was our thought and suggestion, your Honor.
19         THE COURT:  See, we went down the class certification
20  road and hit a wall, and then we came back, and it happens.
21  We try to figure out if we can do bifurcated discovery on
22  class certification, and I'm not a big fan of it.  I didn't
23  like it when I was an attorney, and I really don't like it
24  sitting here, and it didn't work out.
25         So then we brought everybody back and said, okay,

1  everything is open, we are going to go with full discovery.
2  So they don't even have -- I don't have -- well, I have the
3  docket sheet.  I can rummage through it pretty quickly.  Do
4  you even have a class cert motion pending?
5              MR. BRUCE:  Yes.
6              THE COURT:  Okay.  I entered and continued that.
7              MR. BRUCE:  Yes.  Plaintiff's lawyer files it
8  simultaneously, Judge.
9              THE COURT:  Well, the Seventh Circuit kept messing
10  around with pick off and no pick off.
11              MR. BRUCE:  No pick-off defense.
12              THE COURT:  So I get it.  I get it.
13              MR. PARISER:  Your Honor, if I may?
14              THE COURT:  Hold on.
15              So we have got a class cert motion pending.  What you
16  are saying, what it sounds like you are articulating, sounds
17  like a response in opposition to class cert, not a standalone
18  motion.  I could be wrong, but talk to me about that.
19              MR. PARISER:  Yes, so it is a little different, your
20  Honor.  I think we would probably frame it as a motion to
21  strike the class allegations for lack of jurisdiction or
22  perhaps a motion for partial summary judgment, but the idea is
23  this is a simple issue that you don't need to go through
24  expert discovery, have class certification experts, have
25  a full-blown class determination to decide.  It is really it

1  follows from the judge's recent order on personal
2  jurisdiction.  So the notion is it would shortcut those
3  proceedings.
4         Now, I fully understand, your Honor, obviously, this
5  is a 2015 case, you want to move the case, and that's why
6  Plaintiff's counsel and I did agree on a proposed case
7  management order in the event that the court wanted to keep
8  the discovery train moving while this motion is being decided.
9  You know, we have that as a backup, but we just thought that
10 it made sense to try to flesh out in a prompt manner what the
11 scope of this case looks like before we dive into further
12 discovery and depositions and the like.
13        But obviously, your Honor, that's your decision, and
14 if the court wishes to proceed with discovery, we have worked
15 out a schedule.
16        THE COURT:  Well, the schedule can go sideways pretty
17 quick depending on what you file, and you haven't filed it yet
18 and haven't written it yet, and I haven't seen it yet.
19        MR. BRUCE:  I guess our position, Judge, is I didn't
20 realize -- I thought we were going to be talking about the CMC
21 when Mr. Pariser and I talked the other day, and then he
22 indicated this, and, frankly, I would like to see what he has
23 got and see where he is going because that will affect running
24 around the country taking a ton of deps or it is a more narrow
25 issue.  I don't know.  I'm kind of shooting in the dark, but I

1  would like to see what he is going to file.

2          THE COURT:  Me, too.

3          All right.  How much time would you like to get that
4  motion on file?

5          MR. PARISER:  Could we get two weeks, your Honor?

6          THE COURT:  Well, I will ruin a weekend for you.  I
7  will give you February 12th.

8          MR. PARISER:  Thank you, your Honor.

9          THE COURT:  All right.  So get that on file by
10 February 12th.

11         And then I'm going to give Plaintiff's counsel an
12 opportunity to take a look at it and think about what would be
13 needed.  And then I'm going to try to find some time, which is
14 going to be the real problem here, to talk to you.

15         I will give you until the 13th.  I won't do the 14th
16 because that's Valentine's Day, and I don't want to be working
17 late on Valentine's Day.  And I will set this for a telephonic
18 status February 22nd at 1:30, if it works.

19         Mr. Gravino, Mr. Bruce, that's a Thursday, 1:30 p.m.
20 Central Time, for a telephonic.  Does that work?

21         MR. BRUCE:  Yes, that's great.  Thank you, Judge.

22         THE COURT:  Does that work for Defendant?

23         MR. PARISER:  Yes, your Honor.

24         THE COURT:  Okay.  So then you will have a little
25 over a week to take a look at it.  I will have some time to

1  take a look at it. And then we will see what we need to do,
2  whether there is going to be additional discovery to respond
3  to it. Then that becomes a problem because the motion becomes
4  stale, and it is a Judge Kapala case, and he is going to say,
5  "Why is there a motion pending in my Biden list on a 2015
6  case?" And then I have to come up with a great answer, and
7  I'm just plumb out of great answers right now.
8           So we will talk on the 22nd at 1:30. Provide
9  Ms. Pedroza with your contact information so we can place the
10 call.
11          I will let new defense counsel know -- I'm going to
12 give you the speech. They can probably do the speech as well
13 as I can at this point.
14          Once on the case management order, if we go that
15 route, what you need to know is once I set the dates, we are
16 going to meet those dates, and I'm going to do what's
17 necessary to get you to those dates.
18          So if you serve a third-party subpoena and the return
19 date comes and goes, call them up, send them an e-mail. If
20 they still don't respond, hit them with a motion, file it in
21 front of me as soon as possible, give them a copy of the
22 motion, and I will get you the documents that you are entitled
23 to get or make sure somebody sits at a deposition that should
24 be sitting at a deposition.
25          If you have discovery disputes, file your motion,

1  after you had a Rule 37 conference.  Try to work them out on
2  your own.  If you can't, get that motion either for a
3  protective order, motion to compel in front of me so, again, I
4  can keep you on track to meet the dates.  If you haven't
5  picked up on it yet, I think I said "meet the dates" three
6  times.
7           If at any time the parties want a settlement
8  conference, let me know either at a status or collectively
9  contact Ms. Pedroza, and I will find some time to get you in
10 here for a settlement conference.  If you don't want to use
11 me, and that's fine, we have a whole list of attorneys on the
12 panel.  They will be glad to hear your mediation.  And the
13 downside is you pay for them.
14          Okay.  So that's the drill.  That's what we do here,
15 we meet the dates.  If you need to file a motion to compel or
16 motion for a protective order, I don't care, that's fine.
17 That's what I am here to rule on.  My job is to get the case
18 moving forward.  So I'm not going to be a hindrance.
19          I'm almost positive we have a protective order in
20 place because we have had a couple issues on that.  So that
21 shouldn't be a problem, okay?
22          All right.  We will talk to you on the 22nd, then.
23          MR. BRUCE:  Thank you, Judge.
24          MR. GRAVINO:  Thank you, Judge.
25          MR. PARISER:  Thank you.

1      MS. LONG: Thank you, your Honor.

2   (Which were all the proceedings heard.)

3                      CERTIFICATE

4   I certify that the foregoing is a correct transcript from

5   the record of proceedings in the above-entitled matter.

6   */s/ Heather M. Perkins-Reiva*          *February 19, 2018*

7   _____         _____
    Heather M. Perkins-Reiva                            Date
8   Official Court Reporter