UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RITACCA COSMETIC SURGERY AND MED SPA, LTD., *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No. 3:15-cv-50148 ) ) Judge Frederick J. Kapala |
| v. | ) ) Magistrate Judge Iain D. Johnston |
| CYNOSURE, INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT CYNOSURE, INC.'S REPLY BRIEF IN FURTHER
SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

**INTRODUCTION**

Plaintiff's Opposition pretends the Court's prior opinion finding no jurisdiction over the out-of-state class representatives' claims had never been written. *See* Order (Jan. 16, 2018), ECF No. 170. It merely re-urges the same losing arguments the Court rejected in that decision. But the Court's prior decision as to the nonresident class representatives is dispositive of the nonresident absent class members' claims here. The out-of-state absent class members lack the same required connection to Illinois as their purported representatives, and the Court equally lacks personal jurisdiction over those class members' claims.

That leaves this case as a putative Illinois statewide class action. Yet Cynosure has produced evidence—which Plaintiff misreads but does not dispute—that there are only 19 purchasers in Illinois. Plaintiff's conclusory and unsupported arguments concerning the class members' geographic location and judicial economy are insufficient to carry its burden to show that it would be impracticable to join these 19 purchasers. Because the Court has no jurisdiction over the nonresident class members' claims and there are too few Illinois purchasers left to justify a class action, the Court should strike Plaintiff's class action allegations.

1

# ARGUMENT

I. **PLAINTIFF FAILS TO CARRY ITS BURDEN OF ESTABLISHING PERSONAL JURISDICTION AS TO NONRESIDENT ABSENT CLASS MEMBERS.**

Plaintiff's Opposition ignores this Court's own decision finding no jurisdiction over the out-of-state class representatives under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) ("*BMS*"). *See* ECF No. 170. Defendants' opening brief explained how this Court's decision equally forecloses the claims of **absent** class members who also reside out-of-state and similarly lack any connection with Illinois. *See* Opening Br. at 3–5. Plaintiff offers no response whatsoever, failing to even cite the Court's prior ruling.

Instead, Plaintiff rehashes the same arguments this Court already rejected. For example, citing a pre-*BMS* case from an intermediate Colorado state appellate court, Plaintiff argues that the nonresident class members' claims "arise out of or relate to" forum contacts because their claims are "similar" to those brought by the resident Plaintiff. *See* Opp. 6 (citing *Etchieson v. Cent. Purchasing, LLC*, 232 P.3d 301, 308 (Colo. Ct. App. 2010)). But this Court previously disposed of precisely that argument, explaining that "[t]hough the nonresidents' claims are similar to those of resident plaintiffs, the difference [between them] … is fundamental: the events that lead to the nonresidents' claim took place outside of Illinois." ECF No. 170 at 4; *see also id.* ("[A] defendant's relationship with a … third party, standing alone, is an insufficient basis for jurisdiction … even when third parties … can bring claims similar to those brought by the nonresidents.") (quoting *BMS*, 137 S. Ct. at 1781).

Plaintiff likewise renews its unsuccessful attempt to distinguish *BMS* on the grounds that more out-of-state plaintiffs were at issue in *BMS* than here. *Compare* Opp. at 9 (pointing to 592 out-of-state plaintiffs in *BMS* and six nonresidents here) *with* ECF No. 170 at 3 ("In an attempt to

distinguish *Bristol-Myers Squibb*, plaintiffs point out that the number of nonresident plaintiffs there was significantly greater than the number of nonresident plaintiffs here."). This Court squarely held, however, that "[t]he number of would-be nonresident plaintiffs has no bearing on whether those plaintiffs' claims ***arise from or relate to*** the defendant's activity in the forum." ECF No. 170 at 4 (emphasis added). Just as before, Plaintiff makes no effort to establish that the nonresidents' claims "arise from or relate to" Cynosure's forum contacts, which is the fundamental Due Process requirement at the heart of *BMS*. *See BMS*, 137 S. Ct. at 1781 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue."). Plaintiff's "lack of burden" argument therefore remains equally irrelevant to the inquiry.

Finally, Plaintiff does not address the multiple cases in this District that have applied *BMS* to preclude specific jurisdiction over nonresident absent class members. *See* Opening Br. 3–4 (discussing *McDonnell v. Nature's Way Prods., LLC*, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017), and *Demedicis v. CVS Health Corp.*, 2017 WL 569157 (N.D. Ill. Feb. 13, 2017)). Adding to that growing weight of authority, two more cases recently came to the same conclusion, following *McDonnell* and *Demedicis*. *See Anderson v. Logitech, Inc.*, 2018 WL 1184729, *1 (N.D. Ill. Mar. 7, 2018) (striking putative nationwide class allegations); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 2018 WL 1255021, *18 (N.D. Ill. Mar. 12, 2018) (excluding nonresidents from class definition due to lack of personal jurisdiction). Both this Court's prior opinion and those of its brethren thus point unswervingly towards a finding of no jurisdiction.

## II. PLAINTIFF HAS FAILED TO CARRY ITS BURDEN OF DEMONSTRATING THAT JOINDER OF 19 ILLINOIS PURCHASERS WOULD BE IMPRACTICABLE.

None of Plaintiff's arguments carries its burden of satisfying the numerosity requirement of Rule 23(a).

Plaintiff gets the facts wrong in trying to show the class is not presumptively too small. *See* Opp. 10–11. As explained in Cynosure's moving declaration—and as is evident from the sales data itself—there are 19 unique Illinois purchasers, not 21. While there are 21 entries on the sales chart, that is because two purchasers bought multiple machines. *See* Gooch Decl. ¶ 4, ECF No. 194-1 (noting 19 purchasers); *id.* Ex. B, ECF No. 194-3 (reflecting two purchases each for Dr. Leon Tcheupdjian [Rows 3 and 19] and Solutions Laser Studio [Rows 16 and 20]). The fact that a purchaser bought two PicoSure machines does not transform that purchaser into two separate class members. If anything, repeat purchases suggest customers are happy with the machine and would not want to sue. As a result, the number of putative class members falls below what Plaintiffs themselves describe as the "presumptive floor" of 20.[1]

Nor does Plaintiff explain why joinder of these few class members would be impracticable. Plaintiff argues that the purchasers are "geographically dispersed throughout Illinois." Opp. 11. But the evidence submitted by Cynosure—which includes the address of each Illinois purchaser—shows exactly the opposite. Of the 19 unique Illinois purchasers, 17 are located within the Northern District of Illinois. *See* Gooch Decl. Ex. B, ECF No. 194-3. Plaintiff makes no effort to explain why the two other Illinois purchasers could not be joined in

---

[1] As explained in Cynosure's opening brief, other courts in this District have applied a presumptive floor of 25 class members. *See* Opening Br. at 6–7.

this action. And Plaintiff cites no case suggesting that such a small minority of class members who reside within the same state but different judicial district cannot practically be joined.[2]

Moreover, Plaintiff argues in only the most conclusory and generic fashion that judicial economy would be served by a class action. Plaintiff points to no facts or circumstances specific to *this* case suggesting that joinder of the Illinois purchasers would create an undue burden on either the parties or the Court. *See Lyne v. Arthur Andersen & Co.*, 1991 WL 247576, at *2 (N.D. Ill. Nov. 12, 1991) (plaintiff has the burden "to specifically explain why joinder is impracticable"). Indeed, Plaintiff does not dispute that the purchasers are businesses such as dermatology practices, each of which entered into a commercial transaction to purchase a medical device which costs in excess of $200,000. *See* Opening Br. 7. Plaintiff offers no explanation why such a sophisticated purchaser could not as a practical matter bring an individual claim, and therefore cannot satisfy its burden to establish numerosity. *See Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391, 399 (N.D. Ill. 1999) (plaintiff must show that joinder of all class members would be "extremely difficult and inconvenient").

---

[2] *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51 (N.D. Ill. 1996) does not help Plaintiff. In that case, the class members were spread across three states: Illinois, New Jersey, and Tennessee. *Id.* at 57. Not so here. In addition, that class consisted of individuals who had been laid off and brought federal Employee Retirement Income Security Act ("ERISA") claims against their employer. Here, as explained above, the putative class members are businesses and parties to a commercial transaction rather than laid-off employees.

## CONCLUSION

For the foregoing reasons, the Court should grant Cynosure's motion and strike the class allegations in plaintiff's Second Amended Complaint.

Dated:  April 11, 2018

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  /s/ *Emily Dillingham*
Daniel Meyers
Emily Dillingham
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
T: +1 312 583 2300
F: +1 312 583 2360
daniel.meyers@arnoldporter.com
emily.dillingham@arnoldporter.com

| | |
|---|---|
| **ARNOLD & PORTER KAYE SCHOLER LLP**<br>Daniel S. Pariser<br>Jocelyn A. Wiesner<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>T: +1 202.942.5000<br>F: +1 202.942.5999<br>daniel.pariser@arnoldporter.com<br>jocelyn.wiesner@arnoldporter.com | **ARNOLD & PORTER KAYE SCHOLER LLP**<br>Anand Agneshwar<br>Lori B. Leskin<br>Kyle D. Gooch<br>250 West 55th Street<br>New York, NY 10019-9710<br>T: +1 212 836 8000<br>F: +1 212 836 8689<br>anand.agneshwar@arnoldporter.com<br>lori.leskin@arnoldporter.com<br>kyle.gooch@arnoldporter.com |

**SMITHAMUNDSEN LLC**
Eric L. Samore
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
T: +1 312.894.3200
F: +1 312.997.1843
eric.samore@salawus.com

*Attorneys for Defendant Cynosure, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Western Division, using the Court's CM/ECF system, and that a copy was served via electronic means on April 11, 2018, upon all counsel of record pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

By: */s/ Emily Dillingham*